IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH MAPLES, DONNA STONER, LAVONNE PURKEY, GRACE RIVIERA, LOUELLA BYRNES, MICHAEL O'CONNOR, and LOCAL UNION No. 21 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRIC WORKERS, AFL-CIO,<br><br>    Plaintiffs,<br><br>v.<br><br>ILLINOIS BELL TELEPHONE COMPANY,<br><br>    Defendant. | Case No. 07-C-6725<br><br>Judge Castillo<br>Magistrate Judge Nolan |

## ANSWER TO COMPLAINT

Defendant, ILLINOIS BELL TELEPHONE COMPANY ("Illinois Bell"), by its attorneys, for its answer to Plaintiffs' Complaint in the above-captioned case, states as follows:

**COMPLAINT ¶ 1**

This is an action for deprivation of leave and retaliation for taking leave in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, 2611 et seq., and to compel arbitration of grievances arising under a collective bargaining agreement between plaintiff Local Union No. 21 of the International Brotherhood of Electrical Workers ("Local 21") and defendant Illinois Bell Telephone Company ("Company"), arising under 29 U.S.C. § 185 and 9 U.S.C. § 1, et seq.

**ANSWER:** Illinois Bell denies the allegations in paragraph 1 of the Complaint except to admit that the Plaintiff Employees have brought a cause of action alleging deprivation of leave and retaliation for taking leave in violation of the FMLA and that Plaintiff Local 21 has moved to compel arbitration of grievances that it brought on behalf of Plaintiffs Stoner and Byrnes.

**COMPLAINT ¶ 2**

Plaintiff Deborah Maples ("Plaintiff Maples") is a citizen of the State of Illinois and resides within this district. She has worked for the Company since 1984.

**ANSWER:** Illinois Bell admits that Plaintiff Maples has worked for the Company since 1984, and that its records reflect that she resides within this district, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint and, therefore, denies the allegations.

**COMPLAINT ¶ 3**

Plaintiff Donna Stoner ("Plaintiff Stoner") is a citizen of the State of Illinois and resides within this district. She has worked for the Company since 1991.

**ANSWER:** Illinois Bell admits that Plaintiff Stoner has worked for the Company since 1991, and that its records reflect that she resides within this district, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint and, therefore, denies the allegations.

**COMPLAINT ¶ 4**

Plaintiff Lavonne Purkey ("Plaintiff Purkey") is a citizen of the State of Illinois and resides within this district. She has worked for the Company since 1976.

**ANSWER:** Illinois Bell admits that Plaintiff Purkey has worked for the Company since 1976, and that its records reflect that she resides within this district, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint and, therefore, denies the allegations.

**COMPLAINT ¶ 5**

Plaintiff Grace Riveria [sic] ("Plaintiff Riviera" [sic]) is a citizen of the State of Illinois and resides within this district. She has worked for the Company since 2001.

**ANSWER:** Illinois Bell admits that Plaintiff Rivera has worked for the Company since 2001, and that its records reflect that she resides within this district, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and, therefore, denies the allegations.

**COMPLAINT ¶ 6**

Plaintiff Louella Byrnes ("Plaintiff Byrnes") is a citizen of the State of Illinois and resides within this district. She has worked for the Company since 1984.

**ANSWER:** Illinois Bell admits that Plaintiff Byrnes has worked for the Company since 1984, and that its records reflect that she resides within this district, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint and, therefore, denies the allegations.

**COMPLAINT ¶ 7**

Plaintiff Michael O'Connor ("Plaintiff O'Connor") is a citizen of the State of Illinois and resides within this district. He has worked for the Company since 1996. (The individual Plaintiffs listed in paragraphs 2 through 7 shall be referred to collectively hereinafter as "Plaintiff Employees.")

**ANSWER:** Illinois Bell admits that Plaintiff O'Connor has worked for the Company since 1996, and that its records reflect that he resides within this district, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint and, therefore, denies the allegations.

**COMPLAINT ¶ 8**

Plaintiff Local 21 is a labor organization within the meaning of 29 U.S.C. §152(5) and has its principal office within this district.

**ANSWER:** Illinois Bell admits the allegations in paragraph 8 of the Complaint.

**COMPLAINT ¶ 9**

The Company is an Illinois corporation that is an employer within the meaning of 29 U.S.C. § 152(2). The Company has employed over 50 employees for each working day during each of twenty or more calendar weeks in each calendar year relevant to this complaint, and is

engaged in commerce, and it is an employer within the meaning of 29 U.S.C. § 2611(4). The Company's headquarters are located within this district.

**ANSWER:**    Illinois Bell admits the allegations in paragraph 9 of the Complaint.

### COMPLAINT ¶ 10

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 2617(a)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**ANSWER:**    Illinois Bell admits that Count I is purportedly based on a federal statute, but avers that it is unable to confer jurisdiction by admission. Illinois also admits that venue is proper in this case. Except as specifically admitted, Illinois Bell denies the allegations in paragraph 10 of the Complaint.

### COMPLAINT ¶ 11

Beginning in or around December 2005, and continuing through October 2007, each of the Plaintiff Employees requested FMLA leave from the Company.

**ANSWER:**    Illinois Bell admits that during the referenced time period, the Plaintiff Employees requested FMLA leave from the Company, but denies that the Plaintiff Employees were eligible for all such leave.

### COMPLAINT ¶ 12

At the time of their leave requests, the Plaintiff Employees were each employed by the Company for more than 12 months and had worked more than 1,250 hours in the preceding 12-month period, and were eligible employees under 29 U.S.C. §2611(2). The Company was then the Plaintiff Employees' sole and/or primary employer and obligated to provide them FMLA leave benefits.

**ANSWER:**    Illinois Bell denies the allegations in paragraph 12 except to admit that as of December 2005, each of the Plaintiff Employees was employed by Illinois Bell for more than 12 months, and that it continues to employ the Plaintiff Employees.

### COMPLAINT ¶ 13

Each of the Plaintiff Employees requested leave from the Company because they suffered from serious health conditions that rendered them unable to perform the functions of their positions. Plaintiff Maples required gall bladder surgery. Plaintiff Stoner suffered from

chronic/intermittent asthma.  Plaintiff Purkey required gall bladder surgery and suffered complications from an eye surgery.  Plaintiff Riviera suffered from chronic/intermittent migraines.  Plaintiff Byrnes suffered from laryngitis.  Plaintiff O'Connor suffered from a shoulder injury.

**ANSWER:**   Illinois Bell admits that each of the Plaintiff Employees requested FMLA leave, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint, and therefore, denies those allegations.

### COMPLAINT ¶ 14

Each of the Plaintiff Employees provided the required notice to the Company of their need to take leave.  The Company approved Plaintiff Maples, Plaintiff Purkey and Plaintiff O'Connor for disability under the Company's Disability Plan so there was no separate FMLA notification requirement pursuant to the Company's FMLA procedures.  Plaintiff Stoner, Plaintiff Riviera and Plaintiff Byrnes provided notice to the Company of their need for leave prior to the second working day after their return to employment from their leave.

**ANSWER:**   Illinois Bell admits that the Plaintiff Employees provided the Company notice of requests for FMLA leave on occasion, and that the administrator of the Company's disability benefits plan approved requests for wage-replacement disability benefits from Plaintiffs Maples, Purkey, and O'Connor.  As the Plaintiff Employees requested FMLA leave on numerous occasions and fail to specify the leave request(s) to which they refer in paragraph 14 of the Complaint, Illinois Bell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint, and therefore, denies those allegations.

### COMPLAINT ¶ 15

The Company restrained, denied and interfered with the Plaintiff Employees' rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1) by refusing to afford them the rights and privileges under the FMLA in connection with their leaves.

**ANSWER:**   Illinois Bell denies the allegations in paragraph 15 of the Complaint.

**COMPLAINT ¶ 16**

Each of the Plaintiff Employees was disciplined by the Company in violation of 29 U.S.C. § 2615(a)(2) for taking FMLA leave to which they were entitled.

**ANSWER:** Illinois Bell denies the allegations in paragraph 16 of the Complaint.

**COMPLAINT ¶ 17**

Local 21 brings this action to compel arbitration of grievances arising under its labor agreement with the Company. The Court has jurisdiction over this matter pursuant to 29 U.S.C. §185 and 28 U.S.C. §1331, and the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., are applicable to it. Venue is proper in this district pursuant to 29 U.S.C. §185 and 28 U.S.C. §1391.

**ANSWER:** Illinois Bell admits that Local 21 has brought an action to compel arbitration of grievances. Illinois Bell further admits that Count II is purportedly based on federal statutes, but avers that Illinois Bell is unable to confer jurisdiction by admission. Illinois also admits that venue is proper in this case. Illinois Bell denies the remaining allegations in paragraph 17 of the Complaint.

**COMPLAINT ¶ 18**

Local 21 has maintained successive labor agreements with the Company, the most recent of which is effective by its terms from June 27, 2004 through June 27, 2009 (the "Agreement"). A copy of the relevant portions of this Agreement are attached as Exhibit A.

**ANSWER:** Illinois Bell admits that it and Local 21 have negotiated successive labor agreements, and that the most recent agreement is effective from June 27, 2004, through June 27, 2009. Illinois Bell denies that a copy of the relevant portions of any agreement were attached as Exhibit A to the Complaint that was filed by electronic submission with the Court on November 29, 2007.

**COMPLAINT ¶ 19**

Article 13 of the Agreement contains a procedure to resolve grievances that arise under the Agreement, culminating in final and binding arbitration. Section 13.16(B) thereof confers the right to arbitrate over "the discipline of an employee with six (6) or more months of Net Credited Service."

6

**ANSWER:**    Illinois Bell denies the allegations of paragraph 19 of the Complaint except to admit that Article 13 of the collective bargaining agreement between the Company and Local 21 ("CBA") contains a grievance resolution procedure and that paragraph 19 of the Complaint accurately quotes Article 13.16(B) of the CBA.

**COMPLAINT ¶ 20**

Plaintiff Stoner has six or more months of Net Credited Service. On or about January 30, 2006, Plaintiff Stoner took leave from the Company, for which she claimed coverage under the FMLA. On or about February 8, 2006, the Company disciplined her due to the absence from work. On or about February 14, 2006, Stoner grieved the discipline, which grievance the Company subsequently denied. On or about June 6, 2006, Local 21 advanced the grievance to the third step of the grievance procedure, whereupon the grievance was identified as number 06I-33217. Following the Company's denial thereof, on or about November 2, 2006 Local 21 demanded arbitration of grievance 06I-33217 in accordance with the procedures set forth in the Agreement.

**ANSWER:**    Illinois Bell denies that Stoner was entitled to the requested FMLA leave; denies that the Company disciplined her due to her absence from work on January 30, 2006; denies that Stoner grieved discipline in grievance no. 06I-33217; and denies that grievance no. 06I-33217 is arbitrable under the terms of Article 13.16 of the CBA. Illinois Bell admits the remaining allegations in Paragraph 20 of the Complaint.

**COMPLAINT ¶ 21**

On or about January 8, 2007, Plaintiff Stoner took leave from the Company, for which she claimed coverage under the FMLA. On or about January 11, 2007, the Company disciplined her due to the absence from work. On or about January 11, 2007, Stoner grieved the discipline, which grievance the Company subsequently denied. On or about May 5, 2007 Local 21 advanced the grievance to the third step of the grievance procedure, whereupon the grievance was identified as number 07I-41654. Following the Company's denial thereof, on or about 2007 Local 21 demanded arbitration of grievance 07I-41654 in accordance with the procedures set forth in the Agreement.

**ANSWER:**    Illinois Bell denies that Stoner was entitled to the requested FMLA leave; denies that Stoner grieved discipline in grievance no. 07I-41654; and denies that grievance no. 07I-41654 is arbitrable under the terms of Article 13.16 of the CBA. Illinois Bell admits the remaining allegations in Paragraph 21 of the Complaint.

**COMPLAINT ¶ 22**

Plaintiff Byrnes has six or more months of Net Credited Service. On or about January 19, 2007, Plaintiff Byrnes took leave from the Company, for which she claimed coverage under the FMLA. On or about February 1, 2007, the Company disciplined her due to the absence from work. On or before February 14, 2006, Byrnes grieved the discipline, which grievance the Company subsequently denied. On or about March 27, 2007, Local 21 advanced the grievance to the third step of the grievance procedure, whereupon the grievance was identified as number 07I-40668. On or about May 21, 2007 the Company and Local 21 agreed to hold grievance 07I-40668 in abeyance pending the outcome of arbitration of grievance 06I-33217.

**ANSWER:** Illinois Bell denies that Byrnes was entitled to the requested FMLA leave; denies that the Company disciplined her due to her absence from work on January 19-22, 2007; denies that Byrnes grieved discipline in grievance no. 07I-40668; and denies that grievance no. 07I-40668 is arbitrable under the terms of Article 13.16 of the CBA. Illinois Bell admits the remaining allegations in Paragraph 22 of the Complaint.

**COMPLAINT ¶ 23**

By letter dated August 21, 2007, Janice T. Piehl, the Company's Senior Manager for Labor Relations, notified Local 21 that the Company refused to proceed to arbitration of the Byrnes and Stoner grievance numbers 06I-33217, 07I-40668 and 07I-41654.

**ANSWER:** Illinois Bell admits the allegations in paragraph 23 of the Complaint.

**COMPLAINT ¶24**

By letter dated August 24, 2007, Local 21 Vice President and Assistant Business Manager Kevin Curran confirmed that Local 21 sought only to arbitrate the discipline imposed against Plaintiffs Byrnes and Stoner. Mr. Curran notified the Company that Local 21 sought arbitration over the following issue: "Whether the discipline imposed against the grievants was for just cause and, if not, what shall the remedy be."

**ANSWER:** Illinois Bell admits that it received a letter which purports to be from Curran, dated August 24, 2007, and affirmatively states that the letter speaks for itself. Illinois Bell denies the remaining allegations and inferences from the allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶ 25**

At all times since August 21, 2007, the Company has failed and refused to participate in

8

selecting an arbitrator and proceed to arbitration as required under Article 13 of the Agreement.

**ANSWER:** Illinois Bell admits that Illinois Bell has refused to participate in selecting an arbitrator and proceed to arbitration of the Stoner and Byrnes grievances, nos. 06I-33217, 07I-40668 and 07I-41654. Illinois Bell denies that it was required to proceed to arbitration of the grievances pursuant to Article 13.16 of the Agreement.

**COMPLAINT ¶ 26**

By the conduct described above, the Company has breached the Agreement.

**ANSWER:** Illinois Bell denies the allegations in paragraph 26 of the Complaint.

### AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

1. The Plaintiff Employees' FMLA claims are barred to the extent they are beyond the applicable statute of limitations.

2. The Plaintiff Employees cannot state a claim for interference with substantive FMLA rights because they were not denied FMLA leave and/or were not eligible for leave under the FMLA.

3. The Plaintiff Employees cannot state a claim for discrimination or retaliation for use of FMLA leave because they requested FMLA leave when they were not entitled to such leave.

4. The Plaintiff Employees' claims for liquidated damages are barred because Illinois Bell has made good faith efforts to comply with the FMLA.

5. The three grievances for which Plaintiff Local 21 seeks to compel arbitration (06I-33217, 07I-40668 and 07I-41654) are not arbitrable as the dispute between the parties (i.e., whether Stoner and Byrnes were eligible for FMLA leave under 29 U.S.C. § 2611(2)(a)(ii)) does not fall within the scope of Article 13.16 of the CBA.

## PRAYER FOR RELIEF BASED ON DEFENDANT'S ANSWER AND DEFENSES

WHEREFORE, Illinois Bell requests that judgment be granted in its favor and against the Plaintiffs in the following manner:

1. That the Complaint be dismissed in its entirety;

2. That the Plaintiffs be ordered to pay Illinois Bell's reasonable attorneys fees and costs incurred in defending this action;

3. That Illinois Bell be awarded such other relief as the Court may deem appropriate.

Respectfully submitted this 23rd day of January, 2008.

        Illinois Bell Telephone Company

        By: s/Laura A. Lindner
            One of Its Attorneys

Laura A. Lindner
Jeremiah C. Van Hecke
C. Ann Martin
LINDNER & MARSACK, S.C.
411 East Wisconsin Ave., #1800
Milwaukee, WI 53202
Phone: 414-273-3910
Fax: 414-298-9873
llindner@lindner-marsack.com
jvanhecke@lindner-marsack.com

Stephen B. Mead
AT&T Legal Department
225 West Randolph Street
Suite 25A
Chicago, IL 60606
(312)727-3506
stephen.mead@att.com