IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH MAPLES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07C6725 |
| | ) | |
| ILLINOIS BELL TELEPHONE COMPANY, | ) | Judge Ruben Castillo |
| | ) | |
| Defendant. | | |

**JOINT STATUS REPORT**

Plaintiffs and Defendant, by their respective attorneys, hereby submit this joint written status report in compliance with the Court's December 17, 2007 Order and Case Management Procedures.

A.  Nature of the Case

In Count I of the Complaint, six employees of Illinois Bell (the "Plaintiff Employees") claim that Illinois Bell deprived them of FMLA leave and disciplined them in retaliation for taking FMLA leave. Compl. ¶¶ 15, 16. Jurisdiction for Count I is based on 28 U.S.C. 1331 and 29 U.S.C. 2617(a)(2). The Plaintiff Employees seek declaratory and injunctive relief, compensatory and liquidated damages, interest, attorney's fees and costs and any other relief that the court deems just and proper. Illinois Bell denies the Plaintiff Employees' claims and further denies that they are entitled to any of the relief requested.

In Count II, Plaintiff IBEW Local 21 seeks to compel arbitration of three grievances it brought on behalf of two Plaintiff Employees, Stoner and Byrnes. Compl. ¶¶ 25, 26. Jurisdiction for Count II is based on 28 U.S.C. 1331 and 29 U.S.C. 185. The

parties dispute the arbitrability of the grievances (Plaintiffs contend that the grievances concern discipline Stoner and Byrnes received for absences that were denied FMLA coverage; Illinois Bell contends that the grievances concern the denial of leave under the FMLA), but have reached a settlement as set forth in Section E below.

All parties to this action have been served.

The major legal issues with respect to Counts I and the grievances referenced in Count II are: (1) whether unpaid time spent by the Plaintiff Employees (who are or were union stewards during the relevant time period) on union-related business during their regular working hours should count toward the FMLA's eligibility requirement that the employee has been employed for at least 1,250 hours of service during the 12-month period preceding the employee's leave request. 29 U.S.C. § 2611(2)(A)(ii); and (2) whether Illinois Bell and IBEW Local 21 are "joint employers" and whether Illinois Bell is the "primary employer" of the Plaintiff Employees within the meaning of 29 C.F.R. § 825.106.

As to the first issue, Illinois Bell refers to the Court to the following key authorities: 29 C.F.R. § 785.42 (FLSA regulation regarding "hours worked"); and *Koontz v. USX Corp.*, 2001 WL 752656 (E.D. Pa. 2001) (holding that hours a plaintiff spent conducting "union business" do not constitute "hours worked" for purposes of the FMLA's 1,250-hour eligibility requirement).

As to the first issue, the Plaintiff Employees refer the Court to the following key authority: 29 C.F.R. § 825.110.

Illinois Bell reserves the right to raise other defenses with respect to the Plaintiff Employees' claims that they were wrongfully denied FMLA leave, including, but not

limited to, whether they provided proper notice of their need for leave; whether they had a serious health condition entitling them to leave; and whether they submitted timely medical certifications substantiating their need for leave.

B.  Proposed Scheduling Order

Deadline to exchange Rule 26(a)(1) disclosures:  February 15, 2008

Deadline to join other parties and to amend the pleadings:  March 1, 2008

Deadline to complete discovery:  August 1, 2008

Deadline to file dispositive motions:  September 1, 2008

Proposed Pretrial Conference Date:  March 2009

Proposed Trial Date:  April 2009

There are no special arrangements for the disclosure and/or discovery of electronically stored information and there are no anticipated disputes regarding such information.

There are no agreements between the parties as to the assertion of privilege or protection of trial-preparation material.  There are no anticipated disputes as to these matters.

C.  Trial Status

Neither party has requested a jury at this time, but the Plaintiffs may decide to demand a trial by jury as is their right.  The parties estimate that a bench trial will take 5 to 6 days.

D.  Consent to Proceed Before a Magistrate Judge

The Defendant will not consent to proceed before a Magistrate Judge for all proceedings including trial.

E.  Settlement Status

Plaintiffs and Illinois Bell have reached agreement in principle on settlement of Count II to compel Illinois Bell to proceed to arbitration. Upon issuance of the Court's ruling with regard to Count I's claim for FMLA benefits, and exhaustion of appeals by any party, the parties will submit the disciplinary issue in the three grievances relating to Plaintiffs Stoner and Byrnes to arbitration and the assigned arbitrator(s) will be bound by the final judgment in this action, including all appeals, with respect to Plaintiffs Stoner's and Byrne's eligibility for FMLA leave from Illinois Bell.

January 24, 2008
Respectfully submitted,

s/ Robert E. Bloch
Attorney for the Plaintiffs

Robert E. Bloch
Justin J. Lannoye
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue, 19th Floor
Chicago, IL 60603
rebloch@dbb-law.com
jlannoye@dbb-law.com

s/ Laura A. Lindner
Attorney for the Defendant

Laura A. Lindner
C. Ann Martin
Jeremiah C. Van Hecke
LINDNER & MARSACK, S.C.
411 East Wisconsin Avenue, Suite 1800
Milwaukee, WI 53202
(414) 273-3910
(414) 273-0522 (facsimile)
ERLINK"mailto:
llindner@lindner-mmarsack.com
jvanhecke@lindner-marsack.com
amartin@lindner-marsack.com

Stephen B. Mead
AT&T Legal Department
225 West Randolph Street, Suite 25A
Chicago, IL 60606
(312) 727-3506
stephen.mead@att.com