IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DEBORAH MAPLES, DONNA STONER,** | ) | |
| **LAVONNE PURKEY, GRACE RIVIERA,** | ) | |
| **LOUELLA BYRNES, MICHAEL O'CONNOR,** | ) | |
| and **LOCAL UNION No. 21 OF THE** | ) | No. 07 C 6725 |
| **INTERNATIONAL BROTHERHOOD OF** | ) | |
| **ELECTRICAL WORKERS, AFL-CIO** | ) | |
| | ) | **Judge Castillo** |
| Plaintiffs, | ) | **Magistrate Judge Nolan** |
| | ) | |
| v. | ) | |
| | ) | |
| **ILLINOIS BELL TELEPHONE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

1. Plaintiffs DEBORAH MAPLES, DONNA STONER, LAVONNE PURKEY, GRACE RIVIERA, LOUELLA BYRNES, and MICHAEL O'CONNOR ("Plaintiffs") move pursuant to Rule 37(a) of the Federal Rules of Civil Procedure for an order to compel Defendant ILLINOIS BELL TELEPHONE COMPANY ("Defendant") to answer certain interrogatories and respond to certain Requests for Documents for the reasons that follow.

**I. BACKGROUND**

2. The Family and Medical Leave Act of 1993 ("FMLA") requires, among other things, that employees work 1,250 hours of service in the year preceding the leave request. The FMLA provides that the "hours of service" requirement is determined by reference to the same

standard as the "hours of work" requirement under the Fair Labor Standards Act ("FLSA"). The House Report on the FMLA states that the "minimum hours of service requirement is meant to be construed broadly, consistent with the legal principles established for determining hours of work for overtime compensation under section seven of the FLSA and regulations under that act, 29 CFR Part 785." Thus, if hours are counted toward overtime under the FLSA, they also apply toward the 1,250-hour requirement under the FMLA.

3. The labor contract provides that time spent conferring with Defendant representatives for purposes of processing grievances is paid time. Section 11.06. The parties seem to agree that hours taken under Section 11.06 should be credited for FMLA purposes

4. The labor contract also provides that time spent for other union activities pertaining either to administration of the labor contract or internal union administration, but not including activities relating to other employers, is not paid by the Defendant. Sections 11.09-11.12. These hours are paid by the Union. However, they are also credited by the Defendant in full for purposes of overtime pay eligibility (time and one-half pay for all hours worked in excess of 40 per week). Sections 18.18, 18.14(B). Further, parties seem to agree that these hours are counted by the Defendant for purposes of fringe benefit accrual, such as vacations, pensions and health insurance coverage. The parties disagree whether these hours should be credited for FMLA purposes.

5. Plaintiffs' complaint for FMLA benefits arises under two separate and independent theories. First, that the Union and Defendant are joint employers for FMLA purposes, that the hours paid by either entity are therefore combined, and the Defendant as the principal employer must provide FMLA leave. Second, if the Defendant is the sole employer for

FMLA purposes, it is required to credit the "unpaid" hours spent investigating, preparing and processing the grievances that are the subject of paid conferences with management representatives. The Defendant disputes both theories, and effectively contends that the Plaintiffs have no entitlement to FMLA benefits.

6. By Order dated January 29, 2008, this Court directed Defendants to file by March 28 a dispositive motion on the threshold issue of FMLA jurisdiction, and encouraged the parties to proceed with discovery. The Court further set a status hearing for April 10, at which Plaintiffs were to advise whether they are prepared to file a response and/or cross-dispositive motion at that time or would require additional discovery.

7. Plaintiffs served interrogatories, requests to produce and requests to admit on Defendant's counsel on February 25, 2008. This discovery was intended to: a) hone the parties' positions with respect to the Plaintiffs' two theories of FMLA liability; and b) obtain necessary factual information pertaining to the validity of the claims.

8. Defendant's discovery responses were due on March 26. Because Defendant was preparing its motion for partial summary judgment to be filed on March 28, upon Defendant's request, Plaintiffs advised they would not object to receipt of discovery answers the following Monday, April 1.

9. Defendant on April 1 produced nothing. It objected to 13 of the 15 document requests, and to the extent it had no objection, it advised that the documents were not ready (some of the documents requested ultimately arrived on April 3, 2008). It objected to 11 of the 12 interrogatories, including interrogatory no. 1, which requested that it identify the persons with knowledge of its answers. It has objected to 5 of the 13 requests to admit, denied any knowledge

of two, and it has denied outright all the rest.

10.     On April 2, parties engaged in a telephone conference to settle discovery issues pursuant to Local Rule 37.2.  Attorneys Robert E. Bloch and Justin J. Lannoye on behalf of Plaintiffs and Laura A. Lindner and Jeremiah C. Van Hecke on behalf of the Defendant conferred via telephone conference on April 2, 2008 at approximately 4:00 p.m.  Most of the disputes were resolved.  However, several of the disputes were not.  As required by your standing order, Plaintiffs' counsel sent a letter to Defendant's counsel on April 3, 2008 providing the basis for their requests to turn over the documents and answer the questions.  The Defendant has answered this letter in writing on April 7, 2008, but has produced nothing in response (but agreed to produce responses to two interrogatories that it had previously not answered).  Plaintiffs have conferred with Defendant through counsel and despite their good faith efforts have been unable to reach accord with respect to the discovery requests at issue and, accordingly, the Plaintiffs move this court to compel production of the answers and documents for the reasons that follow.

### II. OBJECTIONS TO INTERROGATORIES

11.     Interrogatory No. 1 and the Defendant's response are as follows:

INTERROGATORY NO. 1.  Identify all persons with knowledge of the
information contained in your answers to these and subsequent interrogatories.
For each person identified, describe his or her name, current position with Illinois
Bell, and the answer or portion of an answer for which that person has knowledge.

RESPONSE: Defendant objects to Interrogatory No. 1 on the grounds that is [sic]
vague, ambiguous, overbroad, unduly burdensome, and seeks information that is
irrelevant, immaterial, and not reasonably calculated to lead to the discovery of
admissible evidence.  Subject to and without waiving these objections, Defendant
refers Plaintiffs to the declarations it filed with its pending motion for partial
summary judgment.

12.     The Defendant's objections to Interrogatory No. 1 are frivolous. The identity of

the employees with knowledge of the facts related to this case is plainly relevant to Plaintiffs' ability to determine who may be deposed regarding any of the matters at issue in this case. There is nothing vague, ambiguous, overbroad, or unduly burdensome about this interrogatory. The Defendant has unfortunately invoked "'the same baseless, often abused litany' that the requested discovery is 'vague, ambiguous, overly broad, unduly burdensome' or that it is 'neither relevant nor reasonably calculated to lead to the discovery of admissible evidence'" that magistrates regularly admonish due to the undue costs placed on the requesting party. *Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 U.S. Dist. LEXIS 57892, *20 (N.D. Ill. August 2, 2006). Defendant has not provided any support for its boilerplate objections and has failed to meet its burden that this interrogatory is objectionable. *Zenith Elecs. Corp. v. ExZec, Inc.*, No.93 C 5041, 1998 U.S. Dist. LEXIS 215 at *25 (N.D. Ill. January 2, 1998)("The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules."). Defendant's reference to the individuals identified in the declarations is insufficient because these declarations do not address all, or even most, of the information sought under the Plaintiffs' interrogatories, nor can Plaintiffs know whether these declarants are the only persons with such knowledge. The Defendant unreasonably construes the terms "all persons" to be overbroad without including at least one person knowledgeable of the answer for each interrogatory.

      13.     Interrogatories No. 3 and 4 and the Defendant's answers are as follows:

<u>INTERROGATORY NO. 3</u>. Do you contend that Plaintiff Employees' hours spent on any of the following activities and pertaining solely to Illinois Bell employees represented by Local 21 are <u>not</u> hours worked within the meaning of 29 C.F.R. § 785.42:
     a.     interviewing grievants;

      b.      other investigatory activity pertaining to grievances;
      c.      preparing for grievance meetings with Illinois Bell representatives;
      d.      attending grievance meetings with Illinois Bell representatives;
      e.      conferring with Illinois Bell representatives outside of grievance meetings regarding matters of CBA enforcement;
      f.      follow-up activities relating to the meetings described above; and
      g.      performing other duties relating to the administration of the CBA?

If your answer is yes to all or any part (including subparts) of this interrogatory, explain the basis for your contention.

RESPONSE: Defendant objects to Interrogatory No. 3 on the grounds that it seeks defense counsel's mental impressions and theories, and calls for a conclusion about a disputed legal issue that Defendant has presented to the Court in its pending motion for partial summary judgment. Defendant further objects to this interrogatory on the grounds that is [sic] vague and ambiguous. Subject to and without waiving these objections, Defendant refers Plaintiffs to its motion for partial summary judgment.

INTERROGATORY NO. 4. Do you contend that any of the hours spent on the activities described above in Interrogatory No. 3 are not "hours of service" within the meaning of the FMLA? If your answer is yes to all or any part (including subparts) of this interrogatory, explain the basis for your contention.

RESPONSE: Defendant objects to Interrogatory No. 4 on the grounds that it seeks defense counsel's mental impressions and theories, and calls for a conclusion about a disputed legal issue that Defendant has presented to the Court in its pending motion for partial summary judgment. Defendant further objects to this interrogatory on the grounds that is [sic] vague and ambiguous. Subject to and without waiving these objections, Defendant refers Plaintiffs to its motion for partial summary judgment.

      14.      Defendant has failed to meet its burden to show that its objections to Interrogatories No. 3 and 4 are valid. These interrogatories are contention interrogatories designed to narrow the disputed issues as to whether certain hours of work that are not paid by the Defendant constitute "hours of work" (number 3) and "hours of service" (number 4). Contention interrogatories are permissible vehicles used to narrow and sharpen issues and require the responding party to answer questions as to the application of law to fact. See *Ferrell v.*

*United States HUD*, 177 F.R.D. 425, 426 (N.D. Ill. 1998)("after the 1970 amendment to Rule 33, the only kind of interrogatory that is objectionable solely as a legal conclusion is one that extends to 'legal issues unrelated to the facts of the case.'"); *E.E.O.C. v. Carrols Corp.*, 215 FRD 46, 53 (N.D. N.Y. 2003)(contention interrogatories are useful to narrow and sharpen issues). Since these interrogatories ask for the Defendant's response as to the application of the FMLA and FLSA to certain work performed by the Plaintiffs in order to narrow the issues of the case, the Defendant must answer the questions. Moreover, these questions are very specific and cannot be found in the Defendant's memorandum of law in support of their motion for summary judgment as Defendant's counsel has suggested. In a letter dated April 7, 2008, the Defendant has agreed to answer these interrogatories. If these interrogatories are answered without objection, the Plaintiffs will withdraw their motion with respect to these interrogatories.

> 15. Interrogatory No. 5 and the Defendant's response are as follows:
>
> INTERROGATORY NO. 5. Identify all instances since 1993 in which Illinois Bell has transferred the primary work location, report location, workstation and/or job site of any Union Employees. For each such instance, state whether Local 21 or the affected Union Employee brought a complaint or grievance to Illinois Bell's attention and the resolution of such complaint.
>
> RESPONSE: Defendant objects to Interrogatory No. 5 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the interrogatory seeks information that is equally available to Plaintiffs.
>
> 16. Defendant has failed to meet its burden to establish that its objections to

Interrogatory No. 5 are valid. The question posed is relevant to whether the Defendant controls the individuals employed by both the Union and Defendant, which is a factor in determining whether there is a joint employment relationship and who the primary employer is. *Dinkins v.*

*Varsity Contractors, Inc.*, 04 C 1438, U.S. Dist. LEXIS 6732 at *25-26 (N.D. Ill. March 10, 2005). The control over all union employees (as opposed to just the Plaintiffs) is relevant in showing that there is an overall joint employment relationship between the union and Defendant that is not limited to the Plaintiff employees. This request is specific and should not pose a burden on the Defendant to answer. Plaintiffs' counsel estimates, based on representations made by Defendant's counsel, that approximately 300 employees fall within the scope of this request, which is about three percent (3%) of the Defendant's unionized workforce and a far smaller percentage of its total workforce.

### III.    OBJECTIONS TO DOCUMENT REQUESTS

17.    Document Request No. 12 and Defendant's response are as follows:

<u>Request No. 12</u>.  All documents that constitute, relate to or provide information concerning the attendance policy for each and every business unit of Illinois Bell that employs individuals represented by Local 21.

<u>Response</u>: Defendant objects to Request No. 12 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks documents that are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce the attendance policies applicable to Plaintiff Employees during the period from December 1, 2005 to the present.

18.    Defendant's refusal to turn over all of the documents requested in Document Request No. 12 is not justified. One of the Plaintiffs' theories is that the employer is a joint employer with the union with respect to the jointly employed employees and that relationship is not limited to the Plaintiffs. The attendance policies of those employees, and not just the attendance policies related to Plaintiffs, are relevant to establishing that the Defendant has control of the union employees even when they are working on union business and must

therefore be turned over to Plaintiffs. Defendant's counsel has also objected that the request is overbroad in that some of business units do not include collectively bargained employees. For such business units, the Plaintiffs do not need the records. Defendant has indicated that the attendance policies for the remaining business units number approximately 20. Turning over 20 documents would not pose a burden on the Defendant.

19. Document Request No. 14 and Defendant's response are as follows:

Request No. 14. All documents that relate to or provide information concerning Illinois Bell's approval, rejection, modification or limitation of requests for leave by Union Employees, including Plaintiff Employees, to perform duties for Local 21 as described under CBA Article 11 Sections 11.09 through 11.16 or for other reasons.

Response: Defendant object to Request No. 14 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks documents that are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states that it does not possess any responsive documents relating to Plaintiff Employees.

20. Document request 14 seeks records regarding approval or rejection of requests of union employees to work on union business. Defendant refused to comply with Document Request 14 on a variety of grounds, including that the information sought is irrelevant and that it would be burdensome to look through the employee records of the 300 employees. The Defendant has failed to meet its burden to establish that its objections to this document request is valid. These documents are relevant to the question of whether the Defendant controls the union employees while they work on union business. While Defendant states that it has no responsive documents with regard to the Plaintiff employees, Defendant's counsel contended in a telephone conference with Plaintiffs' counsel that Defendant is unwilling to look through its records with

9

regard to all union employees. Again, these records will help to establish that the Defendant and union are joint employers with respect to all union employees. For the reasons stated above, retrieving the records of these estimated 300 employees would not be unduly burdensome.

WHEREFORE, the Plaintiffs move this Court to compel the Defendant to answer Interrogatories Nos. 1, 3, 4, and 5 and produce the documents requested in items 12 and 14 of the Request for Documents in good faith and in a reasonable manner.

Respectfully submitted,

/s/ Justin J. Lannoye
Justin J. Lannoye
Attorney for Plaintiffs

Robert E. Bloch
Justin J. Lannoye
DOWD, BLOCH & BENNETT
8 South Michigan, 19th Floor
Chicago, Illinois 60603
(312) 372-1361