IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH MAPLES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-C-6725 |
| ) | |
| ILLINOIS BELL TELEPHONE COMPANY, ) | Judge Ruben Castillo |
| ) | |
| Defendant. | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant ILLINOIS BELL TELEPHONE COMPANY (d/b/a AT&T Illinois), by its attorneys, responds to Plaintiff's motion to compel discovery as follows:

**INTRODUCTION**

When the parties initially appeared before the Court on January 29, 2008, the Court questioned whether the six Plaintiff Employees' FMLA claims should be joined in this action, but agreed to the parties' request that the Court rule on the threshold issue of FMLA eligibility raised in Illinois Bell's pending motion for partial summary judgment. On February 26, 2008, Plaintiffs served Illinois Bell with interrogatories, requests for production of documents, and requests for admission. While Illinois Bell asserted objections to many of the requests (primarily on overbreadth and burdensomeness grounds), it served substantive responses to most of the requests on April 2, 2008, and to date, has produced nearly 6,000 pages of documents.[1]

---

[1] Illinois Bell's responses to the discovery requests were due on March 26, two days before the deadline for filing a dispositive motion on the FMLA eligibility issue. Illinois Bell asked Plaintiffs for an extension to April 3, but they would only agree to an extension to April 1.

## SPECIFIC REQUESTS AT ISSUE

With respect to the specific discovery requests at issue, Illinois Bell's position is set forth below.

## INTERROGATORY NO. 1

In Interrogatory No. 1, Plaintiffs request identification of "*all* persons with knowledge of the information in your answers to these and subsequent interrogatories" (emphasis added). A request that Illinois Bell identify "all persons" with knowledge is overbroad and unduly burdensome. Hundreds of employees have knowledge of the "facts related to this case" and have knowledge about the matters in Plaintiff's interrogatories.[2]

For example, in Interrogatory No. 5, Plaintiffs ask Illinois Bell to identify "all instances since 1993 in which Illinois Bell has transferred the primary work location, report location, workstation and/or job site" of any of the hundreds of Illinois Bell employees who have been IBEW stewards or other IBEW representatives in the more than 15 years from 1993 to present. For Illinois Bell to identify "all persons" with knowledge of any such transfers, would require Illinois Bell to track down probably hundreds of employees who were involved in such transfer decisions – none of whom Plaintiffs are likely to depose. Moreover, individual transfer decisions dating back to 1993 have nothing to do with the FMLA eligibility issue pending before the Court, or the Plaintiff Employees' individual FMLA claims.

---

[2] In addition, the request is vague and ambiguous because Illinois Bell obviously cannot respond with respect to "subsequent interrogatories" that have not been served.

2

As another example, in Interrogatory No. 6, Plaintiffs ask Illinois Bell to describe all instances in which the Company denied in whole or in part an IBEW employees' request for leave to conduct union business. Interrogatory No. 1 encompasses all persons involved in any such determinations, which is likely to require to the identification of at least tens of, if not more than one hundred, managers – none of whom Plaintiffs are likely to depose. Moreover, the information will have no bearing on the FMLA eligibility issue or the Plaintiff Employees' individual FMLA claims.

Requiring Illinois Bell to identify all managers and all others with knowledge of the matters inquired about in Plaintiffs interrogatories will serve no legitimate purpose, and certainly will not help Plaintiffs identify who they might need to depose, if anyone, to respond to Illinois Bell's pending motion. While Plaintiffs now assert that Defendant "unreasonably construes" them terms 'all persons' to be overbroad," they do not explain how "all" could reasonably interpreted differently. (Pl.'s Mot. at 5). Illinois Bell submitted the declarations of three persons with knowledge of matters relevant to the FMLA eligibility issue, and offered to identify the person(s) with the *most* knowledge of other specific, relevant subject matters if Plaintiffs wished to identify such subject matters (*see* Exhibit A), but Plaintiffs declined to do so, instead choosing to file their motion to compel.

### **INTERROGATORY NOS. 3 AND 4**

Even though Illinois Bell's position with respect to the issues raised in Interrogatory Nos. 3 and 4 is set forth in its memorandum in support of its pending motion for partial summary judgment, Illinois Bell provided Plaintiffs responses to

Interrogatory Nos. 3 and 4 on April 7, 2008. Thus, Plaintiffs' motion with respect to these interrogatories is moot.

**INTERROGATORY NO. 5**

As stated above, in Interrogatory No. 5, Plaintiffs request information concerning *all* instances since *1993* in which Illinois Bell has transferred the primary work location, report location, workstation and/or job site of any IBEW employees. As stated in Plaintiffs motion, they estimate that "approximately 300 employees fall within the scope of this request" (Pl.s' Mot. at 8), i.e., were IBEW stewards or other union representatives during the 15+ year period of time. For Illinois Bell to locate documents and managers who can provide information about transfer decisions dating back more than 15 years is overbroad and unduly burdensome. Indeed, Illinois Bell believes that many such documents no longer exist and decision-making managers are no longer employed by the Company. For example, IBEW employees who work in call centers often transfer to different workstations on a quarterly basis, so numerous IBEW employees could have been "transferred" multiple times during the 15+ year period.

Furthermore, Plaintiffs have not explained how this information is reasonably calculated to lead to the discovery of admissible evidence, other than making a general assertion – without any legal support – that this information relates to their "joint employer" theory. The contract between Illinois Bell and the IBEW places restrictions on the Company's ability to promote or transfer, and change report locations of, IBEW

4

officers, stewards, and other representatives.³ In addition, individual transfer decisions have no bearing on the FMLA eligibility issue pending before the Court or on the Plaintiff Employees' individual FMLA claims. Indeed, the Court's ruling on Plaintiffs' "joint employer" theory is likely to turn on the authority of the Company over IBEW stewards and other representatives, and not on individualized managers' decision to exercise that authority.

Lastly, Plaintiff IBEW would have the grievance information requested in Interrogatory No 5.

**DOCUMENT REQUEST NO. 12**

In Document Request No. 12, Plaintiffs seek the attendance policies applicable to all IBEW employees, who are employed in approximately 20 different business units. Illinois Bell has produced the attendance policies applicable to the six Plaintiff Employees, who are employed in three different business units. Those policies arguably relate to the Plaintiff Employees' individual FMLA claims, as some of them received attendance-related discipline that they are apparently challenging in their individual FMLA claims.

Plaintiffs have not explained how the actual attendance policies of all business units relate to their joint employer theory. Indeed, the Company has numerous policies,

---

³ Article 11.01 of the contract provides: "The Company agrees that it will not promote or transfer any Local Union officers, Chief Steward/Area Steward, Business Representative/Assistant Business Manager, or Steward, or other equivalent titles of the Union (even though the previously mentioned Union representative is agreeable thereto) which affects the employee's existing status as a duly certified local Union representative of the Union, without first obtaining the consent of the Union. The Company shall give the Union written notice of the proposed promotion or transfer and the Union shall conclusively be presumed to have consented unless, within one (1) week after receipt of such written notification, it advises the Company in writing that it does not consent. . . ." Article 11.02 of the contract provides: "The above also applies to temporary changes to Report Location of the above mentioned Union representatives which are for a period in excess of thirty (30) days."

in addition to attendance policies, that govern what Illinois Bell employees do when they are performing work for the Company. The issue in this case concerning FMLA eligibility is primarily the Company's control over the Plaintiff Employees (and other IBEW representatives) when they are engaged in union-related – not Company-related – business.

**DOCUMENT REQUEST NO. 14**

In Document Request No. 14, Plaintiffs seeks *all* documents relating to Illinois Bell's approval, rejection, modification, or limitation of requests for leave for union business by an estimated 300 employees. Illinois Bell has produced all documents of which it is aware that might contain responsive information relating to the six Plaintiff Employees. Plaintiffs request that Illinois Bell search the records of 300 or so additional employees – which given what Illinois Bell has already produced relating to the six Plaintiff Employees will amount to tens of thousands of pages of documents – is overbroad and unduly burdensome.[4] Plaintiffs have not explained how such individualized records relate to the FMLA eligibility issue or their joint employer theory. Indeed, the contract between the Illinois Bell and the IBEW directly addresses the circumstances under which union representatives are entitled to time off to conduct union business. *See* Articles 11.09-11.16. If Illinois Bell violated those provisions and did not give IBEW representatives the time off to which they believed they were entitled under

---

[4] This is not a simple task given that the 300 employees will have worked in different business units and at different work locations throughout the state of Illinois. It will require Illinois Bell to first identify all employees who held positions with the IBEW since December 1, 2005, and then obtain from their work locations or departments all of their personnel records, as well as all labor relations records, human resources records, and other records that might contain the requested information.

the contract, then IBEW was required to file a grievance, and can present any such grievances to the Court, if relevant to the FMLA eligibility issue.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs have not stated legitimate grounds for the discovery they have moved to compel, particularly given the relatively narrow FMLA eligibility issue pending before the Court. Accordingly, Illinois Bell requests that the Court deny their motion in its entirety.

Respectfully submitted this 8th day of April, 2008.

ILLINOIS BELL TELEPHONE COMPANY

s/ Laura A. Lindner
One of Its Attorneys

Laura A. Lindner
Jeremiah Van Hecke
LINDNER & MARSACK, S.C.
411 East Wisconsin Avenue
Suite 1800
Milwaukee, WI 53202
(414) 273-3910
(414) 273-0522 (facsimile)
llindner@lindner-marsack.com

Stephen B. Mead
AT&T Legal Department
225 West Randolph Street
Suite 25A
Chicago, IL 60606
(312) 727-3506
stephen.mead@att.com

# LINDNER & MARSACK, S.C.

Attorneys at Law

| | | |
|---|---|---|
| Gary A. Marsack | Alan M. Levy | Laura A. Lindner |
| Robert E. Schreiber, Jr. | Lisa M. Bergersen | David C. McKone |
| Jonathan T. Swain | Douglas M. Feldman | Dana L. Boyle |
| James R. Scott | Laurie A. Petersen | Daniel M. Pedriana |
| Thomas W. Mackenzie | Oyvind Wistrom | C. Ann Martin |
| Donald J. Cairns | | Jeremiah C. Van Hecke |

April 7, 2008

**By Facsimile & U.S. Mail**
Robert E. Bloch
Dowd, Bloch & Bennett
8 S. Michigan Ave. – 19th Floor
Chicago, IL 60603

    Re:    *Deborah Maples, et al. v. Illinois Bell Telephone Company*
             Case No. 07C6725

Dear Robert:

    I am writing in response to your letter of April 3, 2008. As you know, I was out of town in Birmingham, Alabama on Thursday and Friday, and first had an opportunity to review your letter and discuss it with my client this morning.

    With respect to your Interrogatory No. 1, you request identification of "all persons with knowledge of the information in your answers to these and subsequent interrogatories." The request is vague and ambiguous because we obviously cannot respond to with respect to "subsequent interrogatories" that have not been served. In addition, a request that we identify "all persons" with knowledge is overbroad and unduly burdensome. As you know, hundreds of employees have knowledge of the "facts related to this case" and have knowledge about the matters in your interrogatories. For example, in Interrogatory No. 5, you have asked us to identify "all instances since 1993 in which Illinois Bell has transferred the primary work location, report location, workstation and/or job site" of any of the hundreds of Illinois Bell employees who have been IBEW stewards or other IBEW representatives in more than 15 years from 1993 to present. For us to identify "all persons" with knowledge of any such transfers, would require us to track down probably hundreds of employees who were involved in such transfer decisions. Requiring us to identify all of these managers and all others with knowledge of the matters inquired about in your interrogatories will serve no purpose, and certainly will not help you identify who you might need to depose. If there is a specific subject matter about which you would like us to identify the person(s) with most knowledge, we are willing to reconsider our objections.

    We will provide a response to Interrogatory Nos. 3 and 4 by tomorrow, April 8, 2008.

411 East Wisconsin Avenue, Suite 1800 • Milwaukee, WI 53202 • 414-273-3910 • Fax 414-2
www.lindner-marsack.com



# LINDNER&MARSACK, S.C.
### Attorneys at Law

Robert E. Bloch
April 7, 2008
Page 2

     With respect to Interrogatory No. 5, we stand on the objections stated in our response. As you state in your letter, you estimate that "approximately 300 employees fall within the scope of this request." For us to locate documents and managers who can provide information about transfer decisions dating back more than 15 years is overbroad and unduly burdensome. Indeed, we believe that many such documents no longer exist and decision-making managers are no longer employed by the Company. Furthermore, the contract between Illinois Bell and the IBEW places restrictions on the Company's ability to promote or transfer, and change report locations of, IBEW officers, stewards, and other representatives. *See* Articles 11.01 and 11.02. Moreover, you have not explained how this information is reasonably calculated to lead to the discovery of admissible evidence, other than making a general assertion -- without any legal support -- that this information relates to your "joint employer" theory. We do not think this is a sufficient basis for such onerous discovery.

     With respect to Document Request No. 12, we have produced the attendance policies applicable to the six Plaintiff Employees. We think that is sufficient for you to make your "joint employer" argument. In any event, you have not explained how the discovery of attendance policies for approximately 20 business units is reasonably calculated to lead to the discovery of admissible evidence. The Company has numerous policies that govern what Illinois Bell employees do when they are performing work for the Company. The issue in this case concerning FMLA eligibility is primarily the Company's control over the plaintiff employees (and other IBEW representatives) when they are engaged in union-related -- not Company-related -- business. Therefore, we stand on our objections to producing other attendance policies.

     With respect to Document Request No. 14, we have produced all documents of which we are presently aware that might contain responsive information relating to the six Plaintiff Employees. We believe that your request that we search the records of 300 or so additional employees is overbroad and unduly burdensome. Furthermore, the contract between the Illinois Bell and the IBEW directly addresses this issue. *See* Articles 11.09-11.16. To the extent that the Company violated those provisions and did not give IBEW representatives the time off to which they believed they were entitled under the contract, then IBEW was required to file a grievance, and can present any such grievances to the Court, if relevant.

     We will discuss your proposed stipulations with our client and let you know our position before the hearing on April 10.

# LINDNER & MARSACK, S.C.
## Attorneys at Law

Robert E. Bloch
April 7, 2008
Page 3

      If you have any questions regarding the above, or wish to discuss this matter further, please contact me.

                        Very truly yours,

                        LINDNER & MARSACK, S.C.

                        Laura A. Lindner

LAL/mlg
c:    Jeremiah C. Van Hecke

# LINDNER&MARSACK, S.C.
Attorneys at Law

Robert E. Bloch
April 7, 2008
Page 4

bc:    Stephen B. Mead