IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH MAPLES, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 07C6725 |
| | ) |
| ILLINOIS BELL TELEPHONE COMPANY, | )   Judge Ruben Castillo |
| | ) |
|     Defendant. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs' response to Defendant's Statement of Undisputed Facts in Support of Its Motion for Partial Summary Judgment is as follows:

1.  Illinois Bell Telephone Company ("Illinois Bell") provides telecommunications and entertainment services to business and residential customers in Illinois. It is a subsidiary of AT&T Teleholdings, Inc., and does business as "AT&T Illinois." (Peterson Decl. ¶ 3 (attached as Exhibit A)).

RESPONSE: No objection.

2.  Plaintiffs Maples, Stoner, Purkey, Rivera, Byrnes, and O'Connor (the Plaintiff Employees") hold non-management positions with Illinois Bell, and are members of the International Brotherhood of Electrical Workers Local 21 ("IBEW"). The terms and conditions of their employment are governed by a collective bargaining agreement ("CBA"). (King Decl. ¶ 2 (attached as Exhibit B)).

RESPONSE: No objection.

3.  The Plaintiff Employees are or were chief stewards, area stewards, or stewards

with the IBEW during all or some of the time period between November 2005 and November 2007. They were selected for those positions in accordance with the IBEW's rules and regulations. Illinois Bell has no role in selecting IBEW Stewards. (King Decl. ¶ 3).

RESPONSE:   No objection.

4.   The CBA between IBEW and Illinois Bell that is relevant to this action is effective from June 27, 2004 through June 27, 2009 ("2004 IBEW CBA").  (Peterson Decl. ¶ 4).

RESPONSE:   No objection.

5.   The 2004 IBEW CBA provides in relevant part:

**Collective Bargaining**

**9.02**   Unless mutually agreed otherwise, up to five (5) authorized representatives on the Union's bargaining team who are Company employees not on leave of absence for Union business, shall be paid by the Company for actual time spent in collective bargaining sessions with the Company's bargaining team, in an amount not to exceed eight (8) hours of his/her basic wage rate per day.

**Payment For Joint Meeting Time**

**11.06**   For purposes of processing grievances, the Company agrees to permit authorized Union representatives to confer with representatives of the company without loss of pay during such employees' regularly scheduled working hours.  In addition, such employees shall suffer no loss in pay for reasonable time spent during such regularly scheduled working hours in traveling for grievance meetings.

**11.07**   When the Company agrees to meet with a Union representative for purposes other than the processing of grievances and further agrees to pay for the time of the Union representative involved, such time shall be paid in accordance with the terms of this Agreement.

**11.08**   Employees who are excused in accordance with the provisions of this Section and Article 9 (Collective Bargaining Procedures), shall give his/her immediate supervisor reasonable notice of the intended absence and of the probable duration of the absence.

**Absences For Union Business**

**11.09**   The Company, insofar as work schedules permit, agrees to grant to any employee who is an Officer or properly designated representative of the Union the necessary time off without pay to transact business of the Union, provided that the Company is given reasonable advance notice of such absence.

**11.11**   Excused absences for Union business include absences by Union officers or properly designated representatives of the Union to perform administrative duties concerning their Locals.  In addition, such duties are understood to include attendance at conventions and training classes associated with those administrative duties, and Telephone Coordination Council meetings, by those officials or by their designated representatives.

**11.12**   Such excused absences do not include absences in connection with organizing activities with other employees, grievance and arbitration proceedings with other employers, or other activities related to the administration of collective bargaining agreements with other employers.

**Leave Of Absence For Union Business**

11.13   Excused absences granted to a Union representative shall not exceed thirty (30) consecutive calendar days or a total of three hundred sixty (360) cumulative scheduled hours in any calendar quarter.  Absences in excess of this amount shall not be authorized except by a leave of absence to be applied for by the Union in writing.

(Peterson Decl. ¶ 5, Ex. 1).

RESPONSE:   No objection.

6.   Illinois Bell has implemented an exception-based time reporting system for non-management employees.  The system assumes that an employee works his or her regular job duties during his or her scheduled hours.  If an employee does not perform his or her regular job duties at the time he or she is scheduled to work, the employee must report the exception time using the applicable exception code(s).  (King Decl. ¶ 5).

RESPONSE:   No objection.

7.   The exception time reported by an employee feeds into the payroll system used by Illinois Bell, which is called "eLink."  (King Decl. ¶ 6).

RESPONSE:   No objection.

      8.      The eLink payroll system maintains the exception time data reported by Illinois Bell employees. (King Decl. ¶ 7).

RESPONSE: No objection.

      9.      When an IBEW steward spends time on a matter that qualifies as paid time under Articles 11.06 or 11.07 of the 2004 IBEW CBA, the steward is to code the time using the "MXUP" code for "Miscellaneous Absence - Union - Paid." (King Decl. ¶ 8).

RESPONSE: No objection.

      10.      When an IBEW steward reports MXUP time, the steward is also required to report one of the following absence reason codes:

| Code | Description |
|---|---|
| M00037 | Other |
| M00061 | Full Committee |
| M00062 | Committee/Joint Meetings |
| M00066 | Grievance Meeting |
| M00067 | Disciplinary/Investigatory Meeting |
| M00068 | Other Union Management Meeting |
| M000WB | Temp. Work Restrict. - 11 day/more |

(King Decl. ¶ 9).

RESPONSE: Plaintiffs agree that Illinois Bell's time reporting manual includes the absence reason codes (also called subcodes) described herein. But Stewards are not required to report these subcodes, nor does Illinois Bell track these subcodes. See Plaintiffs' Stmt. of Facts, ¶ 10.

      11.      When an IBEW steward spends time on a matter that qualifies as an unpaid absence for union business under Articles 11.90, 11.10, or 11.11 of the 2004 IBEW CBA, the steward is to

code the time using the "MXUU" code for "Miscellaneous Absence - Union - Unpaid." (King Decl. ¶ 10).

RESPONSE:  No objection.

12.     IBEW stewards are not required to report to Illinois Bell time spent on union business (i.e., MXUU-coded time) under Articles 11.09, 11.10, or 11.11 of the 2004 IBEW CBA that is outside their regularly scheduled work hours.  (King Decl. ¶ 11).

RESPONSE:  No objection.

13.     IBEW are not required to report to Illinois Bell the nature or details of the union business they perform during time they code as MXUU under Articles 11.09, 11.10, and 11.11 of the 2004 IBEW CBA.  (King Decl. ¶ 12).

RESPONSE:  no objection.

14.     The IBEW pays stewards for time they code as MXUU.  (King Decl. ¶ 13).

RESPONSE:  No objection.

15.     Article 10.08 of the CWA's CBA in effect from April 4, 2004 through April 4, 2009 is titled "Absence for Union Business," and provides: "The Company, insofar as work schedules permit, agrees to grant to any employee who is an Officer or properly designated representatives of the Union reasonable time off of up to one thousand and eighty (1,080) hours during a calendar year, unless mutually agreed otherwise, without pay, to transact business of the Union, provided that the Company is given reasonable advance notice of such absence." (Peterson Decl. ¶ 7, Ex. 2).

RESPONSE: No objection.

16. During 2001 collective bargaining negotiations, the Communications Workers of America ("CWA"), which represents some Illinois Bell employees, negotiated and reached an agreement with Illinois Bell that unpaid absences for union business covered under Article 10.08 of the CWA's collective bargaining agreement (i.e., time coded MXUU), would be counted by Illinois Bell as "hours worked" for purposes of calculating the FMLA eligibility of Illinois Bell employees who are members of the CWA, retroactive to January 1, 2000. This same agreement was reached between Illinois Bell and the CWA during the 2004 collective bargaining negotiations. (Peterson Decl. ¶ 8).

RESPONSE: Plaintiffs are without sufficient knowledge to determine whether this statement is

accurate.

17. While it negotiated and reached an agreement with the CWA to do so, Illinois Bell has never had an agreement with the IBEW to count time coded MXUU by Illinois Bell employees who are members of the IBEW as "hours worked" for purposes of calculating the FMLA eligibility of those employees. (Peterson Decl. ¶ 9).

RESPONSE: Plaintiffs are without sufficient knowledge to determine whether the first sentence

is accurate This second sentence is accurate, but incomplete. Though IBEW and

Illinois Bell do not have a written agreement to count MXUU-coded time as "hours

worked" for FMLA eligibility, Illinois Bell and IBEW have maintained a practice

since at least 1998 to count MXUU time as "hours worked" for FMLA eligibility

purposes, and Illinois Bell never informed IBEW that, in the absence of a formal

agreement, it did not consider itself bound by this practice. See Plaintiffs' Stmt. of

Facts ¶ 23-27.

18. Following ratification of the 2004 IBEW CBA, the IBEW requested that Illinois Bell include MXUU-coded time toward the FMLA eligibility requirement for Illinois Bell employees who are members of the IBEW, as it does for Illinois Bell employees who are members of the CWA, but no substantive bargaining occurred and no agreement was reached. (Peterson Decl. 10).

RESPONSE: This statement is untrue. IBEW never requested that Illinois Bell include MXUU-coded time toward FMLA eligibility. Rather, IBEW representatives asserted that its stewards were already entitled to crediting MXUU time toward FMLA eligibility. See Plaintiffs' Stmt. of Facts ¶ 28.

19. Illinois Bell uses a mechanized system for determining whether an employee has met the FMLA's 1,250-hour eligibility requirement. When an Illinois Bell employee requests FMLA leave, the mechanized system automatically calculates whether the employee has sufficient hours of service to satisfy the 1,250-hour requirement. (Atilano Decl. ¶¶ 3-4 (attached as Exhibit C)).

RESPONSE: No objection.

20. The mechanized system pulls data from the eLink payroll system, and is programmed to include and exclude time associated with various time-reporting codes in calculating FMLA eligibility. (Atilano Decl. ¶ 5).

RESPONSE: No objection.

21. Since November 2005, the mechanized system has included time coded as MXUP (i.e., paid union time) toward the 1,250-hour FMLA eligibility requirement for Illinois Bell employees who are members of the IBEW. (Atilano Decl. ¶ 6).

RESPONSE: No objection.

22. Since November 2005, the mechanized system has excluded MXUU-coded time in calculating the FMLA eligibility of Illinois Bell employees who are members of the IBEW, but has included MXUU-coded time in calculating the FMLA eligibility of Illinois Bell employees who are members of the CWA, per Illinois Bell's agreement with the CWA. (Atilano Decl. ¶ 7; Peterson Decl. ¶ 8).

RESPONSE:   No objection.


23.   Since November 2005, the mechanized system has excluded vacation and personal days, sick days, holidays, FMLA leave, and leave during which an employee receives workers' compensation or disability benefits in determining whether an Illinois Bell employee meets the 1,250-hour FMLA eligibility requirement.  (Atilano Decl. ¶ 8).

RESPONSE:   No objection.


                                  Respectfully submitted,

                                    /s/ Robert E. Bloch
                                One of the attorneys for plaintiffs


Robert E. Bloch
Justin J. Lannoye
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue
19th floor
Chicago, IL 60603
312-372-1361
rebloch@dbb-law.com
jlannoye@dbb-law.com
sjados@dbb-law.com