IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH MAPLES, DONNA STONER, GRACE RIVERA, LOUELLA BYRNES, MICHAEL O'CONNOR, and LOCAL UNION No. 21 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS BELL TELEPHONE COMPANY,<br><br>Defendant. | No. 07 C 6725<br><br>Judge Ruben Castillo |

## FIRST AMENDED COMPLAINT

1.  In accordance with the Court's July 15, 2008 order granting leave to file an amended complaint, Plaintiffs DEBORAH MAPLES, DONNA STONER, GRACE RIVERA, LOUELLA BYRNES, MICHAEL O'CONNOR and LOCAL UNION No. 21 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, through their attorneys Dowd, Bloch & Bennett, for their First Amended Complaint against Illinois Bell Telephone Company state as follows:

2.  This is an action for deprivation of leave and retaliation for taking leave in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, 2611 et seq., and to compel arbitration of grievances arising under a collective bargaining agreement between plaintiff Local Union No. 21 of the International Brotherhood of

Electrical Workers ("Local 21") and defendant Illinois Bell Telephone Company ("Company"), arising under 29 U.S.C. § 185 and 9 U.S.C. §1, et seq.

## PARTIES

3. Plaintiff Deborah Maples ("Plaintiff Maples") is a citizen of the State of Illinois and resides within this district. She has worked for the Company since 1984.

4. Plaintiff Donna Stoner ("Plaintiff Stoner") is a citizen of the State of Illinois and resides within this district. She has worked for the Company since 1991.

5. Plaintiff Grace Rivera ("Plaintiff Rivera") is a citizen of the State of Illinois and resides within this district. She has worked for the Company since 2001.

6. Plaintiff Louella Byrnes ("Plaintiff Byrnes") is a citizen of the State of Illinois and resides within this district. She has worked for the Company since 1984.

7. Plaintiff Michael O'Connor ("Plaintiff O'Connor") is a citizen of the State of Illinois and resides within this district. He has worked for the Company since 1996. (The individual Plaintiffs listed in paragraphs 2 through 7 shall be referred to collectively hereinafter as "Plaintiff Employees.")

8. Plaintiff Local 21 is a labor organization within the meaning of 29 U.S.C. § 152(5) and has its principal office within this district.

9. The Company is an Illinois corporation that is an employer within the meaning of 29 U.S.C. § 152(2). The Company has employed over 50 employees for each working day during each of twenty or more calendar weeks in each calendar year relevant to this complaint, and is engaged in commerce, and it is an employer within the meaning of 29 U.S.C. § 2611(4). The Company's headquarters are located within this district.

## COUNT I

## Family Medical Leave Act—Interference with FMLA Rights and Retaliation for Exercising FMLA Rights

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 2617(a)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1391.

11. Beginning in or around December 2005, and continuing through October 2007, each of the Plaintiff Employees requested FMLA leave from the Company.

12. At the time of their leave requests, the Plaintiff Employees were each employed by the Company for more than 12 months and had worked more than 1,250 hours in the preceding 12-month period, and were eligible employees under 29 U.S.C. §2611(2). The Company was then the Plaintiff Employees' sole and/or primary employer and obligated to provide them FMLA leave benefits.

13. Each of the Plaintiff Employees requested leave from the Company because they suffered from serious health conditions that rendered them unable to perform the functions of their positions. Plaintiff Maples required gall bladder surgery. Plaintiff Stoner suffered from chronic/intermittent asthma. Plaintiff Rivera suffered from chronic/intermittent migraines. Plaintiff Byrnes suffered from laryngitis. Plaintiff O'Connor suffered from a shoulder injury.

14. Each of the Plaintiff Employees provided the required notice to the Company of their need to take leave. The Company approved Plaintiff Maples and Plaintiff O'Connor for disability under the Company's Disability Plan so there was no separate FMLA notification requirement pursuant to the Company's FMLA procedures.

Plaintiff Stoner, Plaintiff Rivera and Plaintiff Byrnes provided notice to the Company of their need for leave prior to the second working day after their return to employment from their leave.

15. The Company restrained, denied and interfered with the Plaintiff Employees' rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1) by refusing to afford them the rights and privileges under the FMLA in connection with their leaves.

16. Each of the Plaintiff Employees was disciplined by the Company in violation of 29 U.S.C. § 2615(a)(2) for taking FMLA leave to which they were entitled.

WHEREFORE, the Plaintiff Employees respectfully request that judgment be entered in their favor and they receive the following relief:

a. A Declaration that defendant has violated the FMLA;

b. Injunctive and declaratory relief preventing and precluding the defendant's continuing and future FMLA violations;

c. The award of compensatory and liquidated damages;

d. The award of pre-judgment and post-judgment interest, as well as reasonable attorney's fees and costs; and

e. Awarding such other relief as the Court may deem just and proper.

## COUNT II

### Action to Compel Arbitration of Grievances

17. Local 21 brings this action to compel arbitration of grievances arising under its labor agreement with the Company. The Court has jurisdiction over this matter pursuant to 29 U.S.C. §185 and 28 U.S.C. §1331, and the provisions of the Federal

Arbitration Act, 9 U.S.C. §§1, et seq., are applicable to it. Venue is proper in this district pursuant to 29 U.S.C. §185 and 28 U.S.C. §1391.

18. Local 21 has maintained successive labor agreements with the Company, the most recent of which is effective by its terms from June 27, 2004 through June 27, 2009 (the "Agreement"). A copy of the relevant portions of this Agreement are attached as Exhibit A.

19. Article 13 of the Agreement contains a procedure to resolve grievances that arise under the Agreement, culminating in final and binding arbitration. Section 13.16(B) thereof confers the right to arbitrate over "the discipline of an employee with six (6) or more months of Net Credited Service."

20. Plaintiff Stoner has six or more months of Net Credited Service. On or about January 30, 2006, Plaintiff Stoner took leave from the Company, for which she claimed coverage under the FMLA. On or about February 8, 2006, the Company disciplined her due to the absence from work. On or about February 14, 2006, Stoner grieved the discipline, which grievance the Company subsequently denied. On or about June 6, 2006, Local 21 advanced the grievance to the third step of the grievance procedure, whereupon the grievance was identified as number 06I-33217. Following the Company's denial thereof, on or about November 2, 2006 Local 21 demanded arbitration of grievance 06I-33217 in accordance with the procedures set forth in the Agreement.

21. On or about January 8, 2007, Plaintiff Stoner took leave from the Company, for which she claimed coverage under the FMLA. On or about January 11, 2007, the Company disciplined her due to the absence from work. On or about January 11, 2007, Stoner grieved the discipline, which grievance the Company subsequently

denied.  On or about May 5, 2007 Local 21 advanced the grievance to the third step of the grievance procedure, whereupon the grievance was identified as number 07I-41654.  Following the Company's denial thereof, on or about 2007 Local 21 demanded arbitration of grievance 07I-41654 in accordance with the procedures set forth in the Agreement.

22.     Plaintiff Byrnes has six or more months of Net Credited Service.  On or about January 19, 2007, Plaintiff Byrnes took leave from the Company, for which she claimed coverage under the FMLA.  On or about February 1, 2007, the Company disciplined her due to the absence from work.  On or before February 14, 2006, Byrnes grieved the discipline, which grievance the Company subsequently denied.  On or about March 27, 2007, Local 21 advanced the grievance to the third step of the grievance procedure, whereupon the grievance was identified as number 07I-40668.  On or about May 21, 2007 the Company and Local 21 agreed to hold grievance 07I-40668 in abeyance pending the outcome of arbitration of grievance 06I-33217.

23.     By letter dated August 21, 2007, Janice T. Piehl, the Company's Senior Manager for Labor Relations, notified Local 21 that the Company refused to proceed to arbitration of the Byrnes and Stoner grievance numbers 06I-33217, 07I-40668 and 07I-41654.

24.     By letter dated August 24, 2007, Local 21 Vice President and Assistant Business Manager Kevin Curran confirmed that Local 21 sought only to arbitrate the discipline imposed against Plaintiffs Byrnes and Stoner.  Mr. Curran notified the Company that Local 21 sought arbitration over the following issue: "Whether the

discipline imposed against the grievants was for just cause and, if not, what shall the remedy be."

25. At all times since August 21, 2007, the Company has failed and refused to participate in selecting an arbitrator and proceed to arbitration as required under Article 13 of the Agreement.

26. By the conduct described above, the Company has breached the Agreement.

WHEREFORE, plaintiff Local 21 respectfully requests that this Court enter the following relief:

a. Order defendant to arbitrate Grievance numbers 06I-33217, 07I-40668 and 07I-41654 in the manner required under the Agreement;

b. Order it to reimburse the fees and costs incurred by Local 21 in pursuing this action; and

c. Grant Local 21 such other relief as this Court deems just and proper.

Respectfully submitted,

s/Justin J. Lannoye
Attorney for Plaintiffs

Robert E. Bloch
Justin J. Lannoye
Dowd, Bloch & Bennett
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois  60603
(312) 372-1361